GROSSLIGHT *v.* BUTTS.

1. CONTRACTS—RESIDENTIAL BUILDERS STATUTE.
   Plaintiff builder cannot sue on building contract, where he did not allege and prove compliance with the residential builders statute applicable in county where structure is erected (CLS 1961, § 338.971 *et seq.*).

2. SAME—PRIVITY OF CONTRACT.
   Finding of lower court that the contract in question was a contract between a corporation, rather than plaintiff, and the defendants, and the failure of the proofs to show that any assignment has been made from the corporation to the plaintiff barred recovery on the contract.

3. STATUTES—RESIDENTIAL BUILDERS ACT—ADOPTION BY COUNTY.
   Action by board of supervisors to bring county under the residential builders act after adoption of amendment to the act stating it would be unlawful to engage in the business of residential builder in any county "subject to the provisions of this act on December 31, 1960, in any county brought under the operation of this act by its board of supervisors" without a license, was unnecessary in county already subject to the act on the designated date (PA 1953, No 208, § 1, as amended by PA 1961, No 215).

4. CONTRACTS—VIOLATION OF STATUTES.
   One who enters into a contract to perform services or furnish materials in violation of statute, which has to do with public

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3–5] 13 Am Jur 2d, Building and Construction Contracts §§ 130, 131.
  33 Am Jur, Licenses §§ 68–74.
  Failure of artisan or construction contractor to procure occupational or business license or permit as affecting validity or enforceability of contract. 82 ALR2d 1429.
  Validity, construction, and application of regulations of business of building or construction contractors. 118 ALR 676.
[2] 17 Am Jur 2d, Contracts § 297.

health, morals, and safety and contains a penal provision for its violation cannot maintain an action to recover for such services or materials.

5. LICENSES—RESIDENTIAL BUILDER—HOME IMPROVEMENT—COMPENSATION.

Plaintiff who made certain improvements on defendant's dwelling house, without having, at the time of doing so, a license to act as a residential builder, in the county where the premises were located was properly held not entitled to recover compensation therefor, where licensing statute barred an action for such purpose by an unlicensed person (CLS 1961, § 338.971 et seq.).

Appeal from Common Pleas; Vokes (David C.), J. Submitted Division 1 December 9, 1965, at Detroit. (Docket No. 606.) Decided April 26, 1966.

Declaration by Sherman Grosslight, doing business as Kay-Bee Construction Company, against Robert Butts and Gertrude Butts for failure to pay for certain improvements to their property. Judgment for defendants. Plaintiff appeals. Affirmed.

*Robert E. DeMascio,* for plaintiff.

*Harris, Stein & Hooberman* (*Harry Hooberman,* of counsel), for defendants.

BURNS, J. On September 16, 1963, the defendant-appellees entered into a contract with the Kay-Bee Construction Company for certain improvement of their three-story dwelling house in Detroit, Wayne county, Michigan. The contract price was $2,495; $500 to be paid upon delivery of the material at the construction site, and the balance to be made in 60 payments of $43.64 a month, for an actual total payment of $3,118.40. The printed contract was signed by the Butts and S. E. Grosslight, and provided:

"This contract shall bind Kay-Bee Construction Company only when signed by an officer of the corporation."

Subsequently, the contract price was increased to $2,845, which included the cost of rewiring. The increase provided for 60 payments of $62.20, or an actual total payment of $4,232. This was done by adding a written paragraph to the bottom of the printed contract. It was signed by S. E. Grosslight and Robert Butts.

Plaintiff claims he has completed the contract and is entitled to payment. The defendants refused to pay, claiming the contract was altered without the consent of both, that the work was not performed in a workmanlike manner, and several other defenses.

The proofs show the following: the Kay-Bee Construction Company, a Michigan corporation, was dissolved January 8, 1963; a certificate for conducting business under an assumed name of Kay-Bee Construction Company was filed by Sherman E. Grosslight on January 29, 1963; Sherman E. Grosslight was licensed as an individual residential builder September 3, 1954; on October 2, 1963 his builder's license was reissued to reflect his assumed name of Kay-Bee Construction Company.

The trial judge held that the contract involved was a contract between Kay-Bee Construction Company, a Michigan corporation, and Robert and Gertrude Butts; that the plaintiff did not allege and prove compliance with the residential builders statute, PA 1953, No 208, as amended by PA 1961, No 215 (CLS 1961, § 338.971 *et seq.* [Stat Ann 1963 Cum Supp § 18.86(1) *et seq.*])[1]; that both of the aforementioned points were fatal to the plaintiff's case; and granted a judgment for the defendants of no cause of action.

---

[1] Repealed and replaced by PA 1965, No 383 (CL 1948, § 338.1501 *et seq.* [Stat Ann 1965 Cum Supp § 18.86(101) *et seq.*]).

The appellant claims the trial court erred in finding that the provisions of the statute barred his action in absence of evidence that the statute had been adopted by the Wayne county board of supervisors.

The appellant in his brief has quoted only the amendment passed in 1961.

"Sec. 1. In order to safeguard and protect home owners and persons undertaking to become home owners, it shall be unlawful on and after the effective date of this act for any person to engage in the business of or to act in the capacity of a residential builder or a residential maintenance and alteration contractor in any county within this State subject to the provisions of this act on December 31, 1960, in any county brought under the operation of this act by its board of supervisors as provided in section 18[2] hereof without having a license therefor, unless such person is particularly exempted as provided in this act."

As section 1 stood prior to being amended by PA 1961, No 215, it read as follows:

"In order to safeguard and protect home owners and persons undertaking to become homeowners, it shall be unlawful on and after the effective date of this act for any person to engage in the business of or to act in the capacity of a residential builder and/or a residential maintenance and alteration contractor in any county within this State having or which may hereafter attain a total population of over 300,000 inhabitants, according to the latest or each succeeding federal decennial census, or in any county brought under the operation of this act by its board of supervisors as provided in section 18[2] hereof without having a license therefor, unless such

---

[2] The reference to section 18 is an obvious error, section 17 being clearly intended.—REPORTER.

person is particularly exempted as provided in this act."

Since Wayne county had a population of over 300,-000 in 1953, the statute when adopted became effective as to that county and was, therefore, "subject to the provisions of this act on December 31, 1960." It was not necessary for the Wayne county board of supervisors to take additional action in 1961.

Appellant further asserts that the trial court erred in barring his recovery on the basis that the contract in question was a corporation contract and that the corporation was not shown to have been licensed under the residential builders act.

The trial court found as a matter of fact that the contract involved was a contract between the corporation and the Butts. Said finding barred the appellant on two grounds. The proofs did not show that any assignment had been made from the corporation to the appellant.

The statute involved has been construed by the Michigan Supreme Court. Justice TALBOT SMITH in *Alexander* v. *Neal* (1961), 364 Mich 485, 488, quoted from *Turner* v. *Schmidt Brewing Co.* (1936), 278 Mich 464 (syllabus 1), as follows:

" 'One who enters into a contract to perform services or furnish materials in violation of statute which has to do with public health, morals, and safety and contains a penal provision for its violation cannot maintain an action to recover for such services or materials.' "

Judgment is affirmed. Costs to the appellees.

WATTS, P. J., and J. H. GILLIS, J., concurred.