## GRODMAN v. BUDZYN

1. CONVERSION—SALES—CONTRACTS—VIOLATION OF STATUTE.
   An action by sellers of a swimming pool against the buyers for conversion of the uninstalled pool and equipment was not barred even though an action on the contract between sellers and buyers was barred because the sellers' salesman was not licensed as required by statute when the contract was made (MCLA § 338.1501 et seq.).

2. CONVERSION—JUDGMENT.
   A judgment in an action for conversion providing that if plaintiff owners of chattels tendered back the down payment made by defendant buyers and requested the return of the chattels in writing, the defendants should return the chattels, and that if defendants failed to return them, judgment should enter against defendants for the value of the chattels was proper where the trial court found that no conversion had yet taken place because plaintiffs had not offered to return the down payment and demanded the chattels.

Appeal from Macomb, Walter P. Cynar, J. Submitted Division 2 June 9, 1970, at Lansing. (Docket No. 6,204.) Decided June 29, 1970. Rehearing denied December 8, 1970. Leave to appeal denied March 9, 1971. 384 Mich 814.

Complaint by Irving Grodman and Solomon Morochnick against Joseph Budzyn and Josephine Budzyn for conversion. Judgment for defendants. Plaintiffs appeal. Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 18 Am Jur 2d, Conversion §§ 30, 31, 35, 36.
[2] 18 Am Jur 2d, Conversion §§ 170–172.

*Samuel H. Rubin,* for plaintiffs.

*Ralph T. Johnson,* for defendants.

Before: McGregor, P. J., and Bronson and
Mahinske,* JJ.

Per Curiam. On June 17, 1967, plaintiffs' sales-
man negotiated the sale of a swimming pool to the
defendants. The contract between the parties, *inter
alia,* provided that the defendants would pay $100
down and that the plaintiffs' company would have
the pool installed by July 2, 1967.

Subsequent thereto, the pool equipment necessary
for installation was delivered to defendants' home,
at which time work toward its completion was begun.
On June 30, 1967, a building inspector issued a "stop
work order" for the reason that plaintiffs had failed
to obtain the necessary building permits. At this
time only a small portion of the work necessary
to complete installation of the pool had been done,
and it could not have been installed by July 2, 1967,
as required by the contractual terms. No further
work under this contract was attempted.

Subsequent to these events, the defendants' at-
torney mailed a letter to plaintiffs which, among
other things, alleged that the pool delivered was not
the one contracted for and that the contract was
thus null and void. Defendants demanded that
plaintiffs give back the $100 down payment, remove
the uninstalled pool, and restore the premises to the
original condition.

The trial court, sitting without a jury, found as
follows with respect to the above request:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Sterling Enclosure Co. did appear on or about July 18, 1967 and the court finds that an employee or agent of Sterling Enclosure Co. did appear at the premises of the defendants to remove the said equipment but Sterling Enclosure Co. did not offer to return the $100 or intend to restore the defendants' premises to the original condition."

After hearing argument and testimony, the trial judge ruled that a judgment should be entered as follows:

"It is thereby ruled that a judgment is to enter providing that if within 30 days, Sterling Enclosure Co. makes a tender of the $100 deposit to the defendants, defendants are to turn over the said equipment to plaintiffs at the same time, provided a written request to do so is submitted to the defendants at the same time. Should there be a failure to comply on the part of Sterling Enclosure Co., a judgment of no cause of action is to enter. Should there be a failure to comply on the part of the defendants, a judgment in the amount of $1,400 is to enter against the defendants."

The first issue on appeal relates to whether the plaintiffs' suit for damages, which was based upon the alleged conversion by the defendants, was barred because the plaintiffs' salesman was not licensed as required by MCLA § 338.1501 et seq. (Stat Ann 1970 Cum Supp § 18.86[101] et seq.)** It seems clear that the plaintiffs are barred from bringing any action on the contract because the salesman was not licensed. MCLA § 338.1516 (Stat Ann 1970 Cum Supp § 18.86[116]); Bilt-More Homes v. French (1964), 373 Mich 693; Alexander v. Neal (1961), 364 Mich 485; Chilson v. Clevenger (1968), 12 Mich App 56; Grosslight v. Butts (1966), 3 Mich App 51.

** The trial court found that the plaintiff's salesman was not licensed at the time the contract was entered into.

However, we do not deem this statute to be a bar to plaintiffs' action seeking a determination of their rights in *the uninstalled pool which is not attached to defendants' property.* Consequently, the plaintiffs could bring an action to determine the rights in that chattel.

The second issue raised on appeal involves the plaintiffs' allegation that the judgment entered below was erroneous because a judgment in the alternative cannot be entered in a conversion action. We disagree with this contention. It is true that had the judge below found that the defendants *converted* the pool and then issued a judgment in the alternative, that decision would have been erroneous. However, that was not the decision of the trial judge. The trial judge decided that a conversion had not as yet taken place and that it would not take place until a proper demand for return of the chattel was made (with a return of defendants' $100) and rejected by the defendants. Until and unless such demand and rejection occurred there would be no conversion.

It seems clear that the judge's action was not a judgment in the alternative, entered after a finding of conversion, but rather a judgment with conversion being the alternative to compliance with the order. When viewed in this perspective, the judgment entered was not improper or erroneous, but rather, considering the findings of fact below, was reasonable. That judgment should be, and is, affirmed. Costs to defendant.