MICHIGAN NATIONAL BANK v MUDGETT

Docket No. 105646. Submitted January 11, 1989, at Grand Rapids. Decided April 10, 1989.

Michigan National Bank brought an action in the Muskegon Circuit Court against Precision Wiring, Inc., and its guarantors, controlling stockholders and officers Donald C. and Helen Mudgett to recover loans made to Precision. The Mudgetts counterclaimed, alleging that the bank breached its agreements with Precision and asking for money damages. Plaintiff sought summary disposition based on lack of standing. During discovery, plaintiff took the deposition of one of defendant Mudgetts' witnesses. The court, James M. Graves, Jr., J., first denied plaintiff's motion for summary disposition, then, at the beginning of the first day of trial, allowed plaintiff to renew the issue without prior notice to defendants and granted plaintiff's motion for summary judgment for lack of standing. The court also denied the Mudgetts' motion for expert witness fees incurred as a result of the deposition. The Mudgetts appealed.

The Court of Appeals *held:*

1. In general, a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of contract or tort, must be brought in the name of the corporation and not that of a stockholder, officer or employee. The Mudgetts did not have standing to enforce Precision's rights against plaintiff in their names.

2. The court did not err in allowing plaintiff to renew its motion for summary disposition. The Mudgetts were not prejudiced thereby.

3. The court's denial of expert witness fees was proper. There was no evidence that the witness was an expert or that plaintiff had agreed to pay the fees incurred.

Affirmed.

REFERENCES

Am Jur 2d, Corporations § 2173; Motions, Rules, and Orders § 27; Parties §§ 34-37.

See the Index to Annotations under Corporate Stock and Stockholders; Corporations; Pleadings.

1. PARTIES — REAL PARTY IN INTEREST — COURT RULES.

    An action may only be prosecuted in the name of the real party in interest; a real party in interest is one who is vested with the right of action on a given claim regardless of who has the beneficial interest (MCR 2.201[B]).

2. PARTIES — CORPORATIONS — REAL PARTY IN INTEREST.

    In general, a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of contract or tort, must be brought in the name of the corporation and not that of a stockholder, officer or employee.

3. MOTIONS AND ORDERS — RECONSIDERATION.

    The grant or denial of a motion for rehearing is a matter addressed to the sound discretion of the trial court.

*Varnum, Riddering, Schmidt & Howlett* (by *Thomas A. Hoffman*), for plaintiff.

*James J. Kobza,* for defendants.

Before: WEAVER, P.J., and HOLBROOK, JR., and BRENNAN, JJ.

PER CURIAM. Defendants-counterplaintiffs Donald C. and Helen Mudgett appeal as of right from the December 9, 1987, order of the Muskegon Circuit Court dismissing their counterclaim against plaintiff. We affirm.

Defendants first argue that the trial court erred by granting, after reconsideration, plaintiff's motion for summary disposition on the basis that defendants did not have standing to file a counterclaim against plaintiff.

Plaintiff moved for summary disposition against defendants on their counterclaim under MCR 2.116(C)(8), on the basis that, *inter alia,* defendants lacked standing to sue. The trial court originally denied plaintiff's motion on the issue of standing, but later granted summary disposition on that issue after reconsideration.

A motion for summary disposition under MCR 2.116(C)(8) tests the legal basis of the complaint, not whether it can be factually supported. All of the factual allegations of the complaint are taken as true, together with any inferences or conclusions which may be fairly drawn from them. Unless the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recover, the motion should be denied. *Stebbins v Concord Wrigley Drugs, Inc,* 164 Mich App 204, 215; 416 NW2d 381 (1987).

An action must be prosecuted in the name of the real party in interest. MCR 2.201(B). A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. *Stillman v Goldfarb,* 172 Mich App 231, 237; 431 NW2d 247 (1988). This standing doctrine recognizes that litigation should be begun only by a party having an interest that will assure sincere and vigorous advocacy. *Id.*

In general, a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of contract or tort, must be brought in the name of the corporation and not that of a stockholder, officer or employee. *Grosslight v Butts,* 3 Mich App 51; 141 NW2d 657 (1966); *Warren v Manufacturers National Bank of Detroit,* 759 F2d 542 (CA 6, 1985); *Schaffer v Universal Rundle Corp,* 397 F2d 893 (CA 5, 1968); 7 Michigan Law and Practice, Corporations, § 231, p 191; 9A Fletcher, Cyclopedia Corporations (Perm ed), § 4469, pp 60-62.

The general rule is inapplicable where the individual shows a violation of a duty owed directly to him. *Schaffer, supra,* p 896. This exception does not arise, however, merely because the acts complained of resulted in damage both to the corpora-

tion and to the individual, but is limited to cases where the wrong done amounts to a breach of duty owed to the individual personally. *Id.* Thus, where the alleged injury to the individual results only from the injury to the corporation, the injury is merely derivative and the individual does not have a right of action against the third party.

In the present case, defendants alleged in their counterclaim that plaintiff breached contractual as well as other duties owed to defendants' company, Precision Wiring, Inc., which caused injury to defendants. Defendants' alleged injuries resulted from the injury to the company. Thus, defendants lack standing to sue plaintiff. The trial court did not err by granting summary disposition in favor of plaintiff on defendants' counterclaim.

Defendants next argue that the trial court erred by entertaining plaintiff's renewed motion for summary disposition at the beginning of trial without giving prior notice to defendants.

The trial court denied plaintiff's original motion for summary disposition on October 20, 1987. Plaintiff did not file a motion for reconsideration. On the first day of trial, plaintiff renewed its motion for summary disposition based upon an unpublished federal district court opinion, *Park-Ohio Industries, Inc v Tucker Induction Systems Ltd,* decided October 21, 1987 (ED Mich, Docket No. 82-2828). No prior notice was provided to defendants. The trial court declared the motion to be a motion for reconsideration.

MCR 2.119(C)(1) provides:

(1) Unless a different period is set by these rules or by the court for good cause, a written motion (other than one that may be heard ex parte), notice of the hearing on the motion, and any supporting·brief or affidavits must be served as follows:

(a) at least 9 days before the time set for the hearing, if served by mail, or

(b) at least 7 days before the time set for the hearing, if served by delivery under MCR 2.107(C)(1) or (2).

MCR 2.119 (F)(1) provides:

(1) Any motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 7 days after entry of the order disposing of the motion.

The grant or denial of a motion for rehearing is a matter addressed to the sound discretion of the trial court. *Brown v Libby-Owens-Ford Co,* 166 Mich App 213, 216; 420 NW2d 106 (1987), lv den 430 Mich 860 (1988).

We believe that the trial court did not abuse its discretion in hearing plaintiff's motion without prior notice to defendants. Defendants were not prejudiced by the trial court's decision. Had defendants discovered case law to refute plaintiff's arguments after the trial court granted the motion, nothing in the court rules prohibited defendants from moving for rehearing or for relief from the order for summary disposition under MCR 2.612. Furthermore, the fact that defendants failed to cite new case law or raise new arguments on appeal regarding the issue of standing supports our conclusion that they were not prejudiced by the trial court's decision.

Defendants also argue that the trial court erred by denying their motion for expert witness fees.

MCR 2.302(B)(4)(c) provides:

(c) Unless manifest injustice would result

(i) the court shall require that the party seeking discovery under subrules (B)(4)(a)(ii) or (iii) or

(B)(4)(b) pay the expert a reasonable fee for time spent in a deposition, but not including preparation time; and

(ii) with respect to discovery obtained under subrule (B)(4)(a)(ii) or (iii), the court may require, and with respect to discovery obtained under subrule (B)(4)(b) the court shall require, the party seeking discovery to pay the other party a fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.

The trial court was presented with the issue whether Peter Teitenberg was deposed by plaintiff as an expert witness. The trial court requested that defendants provide evidence that Teitenberg was deposed as an expert witness. Defendants were unable to provide such evidence. The trial court held that Teitenberg was not deposed as an expert within the meaning of MCR 2.302(B)(4)(c).

Defendants failed to establish the existence of a written agreement regarding the payment of expert witness fees.

MCR 2.507(H) provides:

An agreement or consent between the parties or their attorneys respecting the proceedings in an action, subsequently denied by either party, is not binding unless it was made in open court, or unless evidence of the agreement is in writing, subscribed by the party against whom the agreement is offered or by that party's attorney.

In the present case, the alleged agreement between the parties respecting the payment of Teitenberg's fee and expenses was neither in writing and approved by plaintiff's attorney nor made in open court. The affidavit does not satisfy the requirement of the court rule that evidence of the

agreement must be in writing. The trial court did not err in denying defendants' motion for expert witness fees.

Affirmed.