*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LESLIE J. MURPHY,

Plaintiff-Appellant,

v

SAMUEL M. INMAN, III, JOHN F. SMITH,
BERNARD M. GOLDSMITH, WILLIAM O.
GRABE, LAWRENCE DAVID HANSEN,
ANDREAS MAI, JONATHAN YARON,
ENRICO DIGIROLAMO,

Defendants-Appellees.

UNPUBLISHED
April 30, 2020

No.   345758
Oakland Circuit Court
LC No.   2017-159571-CB

Before:  GLEICHER, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Plaintiff Leslie Murphy, a former shareholder of Covisint Corporation (Covisint), appeals as of right the trial court's grant of summary disposition in favor of defendants, some of Covisint's former directors and officers, on his claim that defendants breached their statutory and common-law fiduciary duties of care, loyalty, good faith, independence, and candor that they owed to plaintiff and all similarly situated shareholders regarding a cash-merger between Covisint and Open Text Corporation (OpenText). We affirm.

## I.  BACKGROUND

In June 2017, Covisint announced a merger agreement with OpenText, by which OpenText would acquire all outstanding shares of Covisint's stock for $2.45 a share. In July, a majority of the outstanding shareholders voted to approve the merger. Plaintiff filed the instant amended complaint in September. He raised one claim for relief, alleging that defendants violated their statutory and common-law fiduciary duties of care, loyalty, good faith, independence, and candor owed to the public shareholders of Covisint, and acted in bad faith. Plaintiff alleged that defendants, in the process of the merger: (1) inadequately compensated shareholders; (2) engaged in a flawed sales process; (3) sold Covisint at an unfair price rather than pursuing other strategic alternatives to maximize shareholder value; (4) acted in their self-interest; (5) acted in bad faith

-1-

and in breach of their fiduciary duties by including certain provisions in the confidentially agreements with other interested potential buyers; and (6) breached their duty of candor when they issued a materially incomplete and misleading proxy statement that omitted information necessary to enable the shareholders to cast an informed vote.

In March 2018, defendants moved for summary disposition under MCR 2.116(C)(5) and (8), arguing that plaintiff lacked standing to bring a direct claim because his sole claim for breach of fiduciary duties was derivative in nature and plaintiff did not satisfy the requirements to bring a derivative law suit. Plaintiff responded that his claim under MCL 450.1541a was not required to be brought derivatively and, in any event, his common-law claim for breach of fiduciary duty fit within the exceptions permitting a shareholder to bring a direct action. Defendants replied that plaintiff could only bring a derivative claim under § 541a and could not circumvent the bar in § 541a by attempting to bring the same claim under the common-law. They also argued that plaintiff's claim was nonetheless derivative.

The trial court granted defendants' motion for summary disposition under MCR 2.116(C)(5), concluding that plaintiff lacked standing. The trial court determined that plaintiff's claim was derivative and thus could not be brought in his individual capacity or derivatively, as he failed to comply with MCL 450.1493a. This appeal follows.

## II. DISCUSSION

On appeal, plaintiff argues he has standing to bring a direct action against defendants for breach of their common-law and statutory fiduciary duties of loyalty, good faith, due care, and candor owed to the shareholders in connection with the cash-out merger; specifically, in relation to the allegedly inadequate sales process. He primarily argues that, in the factual context of a cash-out merger, directors owe the shareholders a duty to maximize the value of their shares and a duty to disclose. He asserts that a violation of these duties directly injures the shareholders, not the corporation, because the shareholders receive an inadequate price and are deprived of a fully-informed vote. We reject plaintiff's arguments.

## A. STANDARD OF REVIEW

We review whether a plaintiff has standing de novo. *Crawford v Dep't of Civil Services*, 466 Mich 250, 255; 645 NW2d 6 (2002). We review the trial court's decision on a motion for summary disposition de novo. *Cannon Twp v Rockford Public Schools*, 311 Mich App 403, 410; 875 NW2d 242 (2015). Defendants moved for summary disposition under MCR 2.116(C)(5) (lack of legal capacity to sue) and (C)(8) (failure to state a claim upon which relief can be granted), and the trial court granted the motion pursuant to section (C)(5). However, as plaintiff correctly notes on appeal, "our Supreme Court has previously held the real-party-in-interest defense is not the same as the legal-capacity-to-sue defense." *Id*. at 411 (brackets and quotation marks omitted). "Accordingly, a motion for summary disposition asserting the real-party-in-interest defense more properly fits within MCR 2.116(C)(8) or MCR 2.116(C)(10), depending on the pleadings or other circumstances of the particular case." *Id*. (quotation marks omitted). Thus, we conclude that (C)(5) was not the proper subrule for the trial court to consider.

However, we may address the standing issue under MCR 2.116(C)(8).  See *Middlebrooks v Wayne County*, 446 Mich 151, 166 n 41; 521 NW2d 774 (1994).  "A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint."  *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999).  "All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant."  *Id*.  "A motion under MCR 2.116(C)(8) may be granted only where the claims are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery."  *Id*. (quotation marks omitted).  "When deciding a motion brought under this section, a court considers only the pleadings."  *Id*. at 119-120.

## B.  ANALYSIS

As an initial matter, we reject plaintiff's attempts to separate his singular claim—defendants' alleged breach of their fiduciary duties—into statutory and common-law grounds.  We agree with the trial court that the distinction plaintiff attempts to make does not alter the outcome.  Regardless of whether plaintiff relies on a statutory or common-law basis for the stated breach of fiduciary duty claim in his complaint, his singular claim relies on the same facts and complains of the same alleged injury.  Thus, we examine his claim under both relevant statutory authority and caselaw to determine whether the trial court erred when it concluded that his claim could only be brought derivatively.[1]

Michigan's Business Corporation Act provides that "[t]he business and affairs of a corporation shall be managed by or under the discretion of its board," MCL 450.1501, and sets forth the duty of care owed by directors and officers, MCL 450.1541a.  Specifically, it provides that a director or officer must discharge his or her duties "[i]n good faith," "[w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances," and "[i]n a manner he or she reasonably believes to be in the best interests of the corporation."  MCL 450.1541a(1).

Relying on *Estes v Idea Engineering & Fabricating, Inc*, 250 Mich App 270, 285; 649 NW2d 84 (2002), defendants argue that plaintiff does not have standing to bring a direct claim for breach of duty under § 541a and thus his claim must be brought derivatively on behalf of the corporation.  Plaintiff disagrees, arguing that the statutory language of MCL 450.1541a(4), which sets forth the limitations period for a § 541a claim, does not expressly limit who may bring an action for breach of a statutory fiduciary duty.

At issue in *Estes* was whether a different section of the Act, MCL 450.1489, which provides a non-controlling shareholder in a closely-held corporation a direct cause of action against a director or officer for oppressive conduct–conduct that is "illegal, fraudulent, or willfully unfair and oppressive to the corporation or the shareholder," created a separate cause of action for shareholders of closely-held corporations.  *Estes*, 250 Mich App at 278-286 (quotation marks omitted).  Thus, plaintiff correctly asserts that we did not hold in *Estes* that a claim under MCL 450.1541a can only be brought derivatively.  But in distinguishing a § 489 suit from a § 541a suit,

---

[1] Michigan's Business Corporation Act defines a "derivative proceeding" as "a civil suit in the right of a domestic corporation or a foreign corporation that is authorized to or does transact business in this state."  MCL 450.1491a(a).

we noted three crucial differences between the two statues. First, we noted that "[a] § 489 suit seeks to redress oppression that injures either the corporation or the shareholder, whereas a § 541a suit seeks to redress wrongs to the corporation." *Id*. at 282 (quotation marks omitted). Second we stated that, "[t]he plaintiffs in a § 489 suit may represent themselves and other similarly situated shareholders and bring their suits as individual or direct actions. The plaintiffs in § 541 suits typically represent the corporation and bring their suits as derivative actions pursuant to § 492a." *Id*. at 283. Third, we then stated:

> Further, . . . the plaintiff in the § 489 case is a shareholder suing directly whereas a plaintiff in a § 541a action is a corporation suing for breach of a duty to the corporation or a shareholder suing derivatively on behalf of the corporation. . . . Additionally, the remedy under § 541a is for the benefit of the corporation and the harm done to it whereas certain of the remedies contained in § 489 are specifically for the benefit of the shareholder, and may not necessarily benefit and could impose obligations on the corporation." [*Id*. at 285.]

Section 541a(1) requires a director or officer to discharge his duties "[i]n good faith," "[w]ith the care an ordinarily prudent person in a like position would exercise under similar circumstances," and "[i]n a manner he or she reasonably believes to be *in the best interests of the corporation*." (Emphasis added.) Therefore, an action brought under § 541a seeks to redress wrongs to the corporation. *Estes*, 250 Mich App at 285. It follows that the statutory claim should generally be brought by the corporation or a shareholder on behalf of the corporation. Thus, based on *Estes*'s reasoning, plaintiff could not bring a direct statutory claim under § 541 against defendants for breach of duties owed directly to the shareholder independent of the corporation.

We have also long-recognized in our common law that "the directors of a corporation owe fiduciary duties to stockholders and are bound to act in good faith for the benefit of the corporation." *Wallad v Access Bidco, Inc*, 236 Mich App 303, 306; 600 NW2d 664 (1999). While corporate directors and officers owe fiduciary duties to the shareholders, "a suit to enforce corporate rights or to redress or prevent injury to the corporation, whether arising out of contract or tort, must be brought in the name of the corporation and not that of a stockholder, officer, or employee." *Michigan National Bank v Mudgett*, 178 Mich App 677, 679; 444 NW2d 534 (1989); see also *Belle Isle Grill Corp v City of Detroit*, 256 Mich App 463, 474; 666 NW2d 271 (2003). Our Courts, in distinguishing between a direct and derivative shareholder suit, have recognized two exceptions to this general rule where (1) the individual "has sustained a loss separate and distinct from that of other stockholders generally," *Christner v Anderson, Nietzke & Co, PC*, 433 Mich 1, 9; 444 NW2d 779 (1989) (quotation marks omitted), or where (2) the individual shows a "violation of a duty owed directly to the individual that is independent of the corporation," *Belle Isle Grill*, 256 Mich App at 474; see also *Mudgett*, 178 Mich App at 679-680.

The gravamen of plaintiff's complaint asserts that defendants breached many of their fiduciary duties while making strategic decisions during the process of arranging Covisint's cash-out merger with OpenText by making the decision to sell, by creating and failing to prevent the adverse consequences of the sale, and by failing to disclose material information prior to the vote. Plaintiff's claim does not meet either of the enumerated exceptions. Plaintiff raises no allegations demonstrating that defendants breached their duties outside of those they also owed to Covisint. In other words, plaintiff makes no allegation that there was a breach of duty owed directly to the

shareholders, independent of the corporation. *Belle Isle Grill*, 256 Mich App at 474; *Mudgett*, 178 Mich App at 679-680. Defendants' strategic decision to sell and their decisions made in connection with that sale, as well as their general duty to maximize shareholder value, are not duties owed directly to the shareholders that is distinct from, or independent of, the corporation. *Belle Isle Grill*, 256 Mich App at 474.

Moreover, although plaintiff does allege that defendants breached their duty of candor[2] to the shareholders, he only alleged this in his complaint in relation to the sale. Specifically, plaintiff alleged in his complaint that defendants breached their duty of candor when they issued a materially incomplete and misleading proxy statement, thus depriving Covisint's shareholders the ability to make an informed vote. Despite its focus on the shareholders, this allegation is legally indistinguishable from the others. This allegation relates to the harm done to the corporation when defendants did not disclose material information, which, in part, resulted in Covisint's merger with OpenText for an inadequate share price. Thus, plaintiff cannot demonstrate that defendants' alleged actions here breached a duty to the shareholders distinct from that also owed to the corporation. *Belle Isle Grill*, 256 Mich App at 474.

Lastly, plaintiff cannot show that he has sustained injury that is separate and distinct from that of other shareholders. *Christner*, 433 Mich at 9. Accordingly, plaintiff lacked standing to bring his claim alleging breach of fiduciary duties in his individual capacity. Moreover, plaintiff cannot pursue a derivative claim because he does not allege or argue that he complied with the requirements necessary to commence a derivative proceeding under MCL 450.1493a. Thus, we find no error in the trial court's order granting summary disposition to defendants.[3]

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Anica Letica

---

[2] Under our precedent, we conclude that candor is a common-law fiduciary duty. See *Lumber Village, Inc v Siegler*, 135 Mich App 685, 695; 355 NW2d 654 (1984) (stating that "there is an affirmative duty to disclose where the parties are in a fiduciary relationship").

[3] As the trial court's reasoning was correct, we decline to address defendants' alternatively argued ground for affirmance.